# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY BOPEE MCCARTY | CIVIL ACTION NO. 06-1698-P |
| VERSUS | JUDGE HICKS |
| LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Anthony Bopee McCarty ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this Court on October 2, 2006.  Plaintiff is incarcerated at the Winn Correctional Center in Winnfield, Louisiana.  He names the Louisiana Department of Corrections, the Louisiana Department of Probation and Parole, Harrison Butch Shaver and Sharie Cone as defendants.

Plaintiff claims that from February 16, 2005 until August 3, 2006, parole agents Harrison Butch Shaver and Sharie Cone harassed him and violated his civil rights because he filed a complaint against Shaver and a civil rights complaint against his friend.  Plaintiff claims Shaver and Cone conspired to have him placed under Shaver's supervision so they could retaliate against him.  He claims Shaver and Cone searched his room at his elderly

parents' home several times a month.  He claims the searches were always conducted early in the morning.

Plaintiff claims that Shaver and Cone filed a false drug report which stated he had tested positive for cocaine use.  He claims he paid for another drug test at LSU Medical Center which stated he had tested negative for drug use.  Plaintiff claims that on November 6, 2006, his parole was revoked based on the false statements of Shaver and Cone.  He further claims Shaver denied him due process during his parole revocation hearing when he presented his arrest records.  He claims his prior arrest record was irrelevant.

Plaintiff claims he is being illegally incarcerated until February 16, 2009.  He claims that pursuant to La. R.S. 15:574.9(2)(a), he should only serve 90 days for a technical violation of his parole.

As relief, Plaintiff seeks monetary compensation, damages and his immediate release from incarceration.

## LAW AND ANALYSIS

### Retaliation Claim

Plaintiff claims that from February 16, 2005 until August 3, 2006, parole agents Harrison Butch Shaver and Sharie Cone harassed him and violated his civil rights because he filed a complaint against Shaver and a civil rights complaint against his friend.  Plaintiff claims Shaver and Cone conspired to have him placed under Shaver's supervision so they could retaliate against him.  He claims Shaver and Cone searched his room at his elderly

parents' home several times a month.  He claims the searches were always conducted early in the morning.

To state a claim of retaliation, Plaintiff must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as being placed under Shaver's supervision and the early morning searches--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiff's allegations that he was retaliated against by Shaver and Cone are unconvincing.  The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence that "but for" this motive, he would not have been placed under Shaver's supervision and his home would have been searched during the early morning hours. Accordingly, these actions by Shaver and Cone do not implicate any constitutional rights and should be dismissed with prejudice as frivolous.

**Heck Claim**

Plaintiff is seeking monetary compensation and damages for an allegedly unconstitutional parole revocation and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation and damages for civil rights violations under Section 1983; therefore, he must prove that his parole revocation or sentence has been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his parole revocation or sentence has been invalidated.

**Habeas Claim**

Plaintiff alleges that his sentence is unlawful and he seeks his immediate release from incarceration.  Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this Court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding.  This determination is

made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416,

419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117

(5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and

seeks an immediate release or speedier release from confinement as relief, he must pursue his

claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S.

475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court

of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under

[42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state

conviction or sentencing decision under which the claimant is currently confined." Serio, 821

F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc,

550 F.2d 342 (1977)). Plaintiff is challenging his sentence and his claim clearly falls within

the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief

is available to a person who is in custody "in violation of the Constitution or laws or treaties

of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is

not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot

collaterally attack his state court conviction in federal court until he has exhausted all

available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509

(1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982).  It is clear that Plaintiff has not exhausted his state court remedies as to this claim.  Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's retaliation claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and Plaintiff's civil rights claim seeking monetary compensation for his allegedly unconstitutional parole revocation and sentence be

**DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met and that Plaintiff's request for <u>habeas</u> relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10 day of April, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE